IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC BLATTMAN, individually and as an assignee of certain former members of E2.0 LLC, LAMB FAMILY LLC, and DAVID STAUDINGER, | ) ) ) ) ) | |
| Plaintiffs / Counterclaim-Defendants, | ) ) | |
| v. | ) ) | Civ. No. 15-530-GMS Consolidated with |
| THOMAS M. SIEBEL, DAVID SCHMAIER, JOHN DOE 1, and JOHN DOE 2, | ) ) ) | Civ. No. 16-750-GMS |
| Defendants / Counterclaim-Plaintiffs. | ) ) ) | |
| C3, INC. d/b/a C3 IoT, | ) ) ) | |
| Plaintiff / Counterclaim-Defendant, | ) ) | |
| v. | ) ) | |
| ERIC BLATTMAN, individually and as an assignee of certain former members of E2.0 LLC, LAMB FAMILY LLC, and DAVID STAUDINGER, | ) ) ) ) ) | |
| Defendants / Counterclaim-Plaintiffs. | ) ) | |

**MEMORANDUM**

At Wilmington this __24th__ day of July, 2017, having reviewed the defendants' motion for sanctions and papers submitted in connection therewith, the court issues its decision as follows:

1. **Introduction.** Pending before the court is a motion for sanctions pursuant to Fed. R. Civ. P. 11 filed by defendants Thomas Siebel and David Schmaier (collectively, the "defendants") against plaintiffs Eric Blattman, Lamb Family LLC, and David Staudinger (collectively, the

"plaintiffs"). (D.I. 192). Defendants argue that there was no objectively reasonable basis for plaintiffs to file their claims and continue to pursue those claims. (D.I. 193 at 1).

2. **Background.** This dispute involves two consolidated actions – the Blattman Action and the C3 Action – arising from the merger of C3, Inc. ("C3") and Efficiency 2.0 LLC ("E2.0"). Plaintiffs are, or represent through assignment, the former E2.0 unitholders. (D.I. 45 at 1). Plaintiffs initiated the Blattman Action by filing a complaint against defendants alleging securities fraud under Section 10(b) and Rule 10b-5, common law fraud, and breach of an oral contract. (D.I. 28 ¶¶ 140-61). Defendants Thomas Siebel ("Siebel") and David Schmaier ("Schmaier") are C3's chairman and former chief operating officer, respectively.[1] (*Id.* at ¶ 5). On April 24, 2015, defendants filed a motion to dismiss the Blattman Action, arguing that an integration clause in the merger agreement barred all three claims and that the statute of frauds barred the breach of contract claim. (D.I. 33; D.I. 34 at 1). The court granted the motion to dismiss the breach of contract claim, but denied the motion to dismiss the fraud claims. (D.I. 64).

3. The C3 Action, initiated by C3, asserted claims against plaintiffs (who were technically defendants/counterclaim-plaintiffs) for securities fraud, common law fraud, breach of contract, recoupment, and attorneys' fees.[2] (D.I. 183 at 2). Relevant to the present motion, plaintiffs asserted fraud counterclaims in the C3 Action identical to the fraud claims they asserted against defendants in the Blattman Action. (D.I. 120). C3 moved to dismiss the fraud counterclaims, arguing, among other things, that they were barred by a general release in a release agreement. (D.I. 126). The court denied the motion to dismiss the fraud counterclaims, because

---

[1] C3 was not named as a defendant in the Blattman Action.

[2] To avoid confusion, the court will continue to refer to Eric Blattman, Lamb Family LLC, and David Staudinger as the "plaintiffs" and Siebel and Schmaier as the "defendants," even when referring to arguments, claims, and defenses raised in the C3 Action.

the release agreement was extraneous to the pleadings and, therefore, could not be considered on a motion to dismiss. (D.I. 183 at 11; D.I. 184). Shortly after the court ruled on C3's motion to dismiss, defendants in the Blattman Action filed a motion for sanctions pursuant to Fed. R. Civ. P. 11, which raises in part arguments the court has previously rejected. (D.I. 192).

4. **Standard of Review.** The decision to grant a motion for sanctions is within the court's discretion. *Brice v. Bauer*, 2017 WL 2210920, at *1 (3d Cir. May 19, 2017). "Rule 11 provides that attorneys may be sanctioned if they ... fail to make a reasonable inquiry into the legal legitimacy of a pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010). The standard for imposing sanctions in those cases is "reasonableness under the circumstances." *Brubaker Kitchens, Inc. v. Brown*, 280 Fed. App'x. 174, 184 (3d Cir. 2008). Reasonableness is "an objective knowledge or belief at the time of filing a challenged paper that the claim was well grounded in law and fact." *Ford Motor Co. v. Summit Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).

5. **Discussion.** Defendants argue that Rule 11 sanctions are warranted, because there was no objectively reasonable basis for plaintiffs to file their claims and continue to pursue those claims. (D.I. 193 at 1). To explain why, defendants grouped plaintiffs' fraud allegations into three categories: (i) C3 was valued at $500 million; (ii) E2.0 would continue operations as a stand-alone business; and (iii) Siebel committed to cause C3 to provide capital funding needed to expand E2.0's operations in accordance with the E2.0 Business Unit Budget. (*Id.*). According to defendants, the objective facts demonstrate that they made no misrepresentations regarding C3's value, and even if they had mispresented C3's value, plaintiffs did not reasonably rely on such misrepresentations. (*Id.* at 8-10, 12-15). In addition, plaintiffs are legally barred from making a fraud claim based on C3's value due to a no-liability clause in a non-disclosure agreement, an

integration clause in the merger agreement, and/or a general release in a release agreement. (*Id.* at 10-11, 15-16). Any remaining misrepresentations regarding C3's value amount to future predictions or puffery which are not actionable under Delaware law. (*Id.* at 1-2, 16-17). Finally, defendants argue that the fraud claims based on the continued operation and funding of E2.0 are legally barred by a contractual disclaimer in the merger agreement and/or a general release in a release agreement.[3] (*Id.* at 18-20).

6.   Defendants essentially argue that Rule 11 sanctions are appropriate because plaintiffs' fraud claims fail on the merits. Rule 11, however, "is not an appropriate vehicle for resolving legal or factual disputes," or "addressing the strength or merits of a claim." *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013). The court finds that it would be more appropriate to consider defendants' arguments in its motion for sanctions after a ruling on a motion for summary judgment. *See, e.g., Davis v. Wells Fargo U.S. Bank Nat'l Assoc.*, 2016 WL 4440342, at *4 (E.D. Pa. Aug. 23, 2016) (denying a Rule 11 motion because factual disputes are more appropriately addressed on the merits and many of the same arguments may be raised on summary judgment); *Marlowe Patent Holdings v. Ford Motor Co.*, 2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013) (stating that "[a] Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings, and should not be used to raise issues of legal sufficiency that more properly can be disposed of by ... a motion for summary judgment."); *Thorner v. Sony Comput. Entm't Am. Inc.*, 2010 WL 904797, at *2 (D.N.J. Mar. 9, 2010) (denying defendants' motion for sanctions as premature when it "came before any dispositive motion or

---

[3]   Plaintiffs dispute defendants' characterization of their fraud claims, the facts purportedly showing that their claims have no merit, and the law purportedly showing that their claims are legally barred. (D.I. 195-1).

4

final judgment in favor of ... defendants"). Accordingly, the court denies defendants' motion for sanctions without prejudice.

7. **Conclusion.** For the foregoing reasons, C3's motion for sanctions is denied without prejudice for renewal at the appropriate time. (D.I. 192). An appropriate order will be entered.

Dated: July 24, 2017

_____
SENIOR UNITED STATES DISTRICT JUDGE