IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC BLATTMAN, individually and as an )
assignee of certain former members of E2.0 )
LLC, LAMB FAMILY LLC, and DAVID )
STAUDINGER, )
)
    Plaintiffs / Counterclaim-Defendants, )
)
v. ) Civ. No. 15-530-GMS
) Consolidated with
THOMAS M. SIEBEL, DAVID SCHMAIER, ) Civ. No. 16-750-GMS
JOHN DOE 1, and JOHN DOE 2, )
)
    Defendants / Counterclaim-Plaintiffs. )
_____ )
)
C3, INC. d/b/a C3 IoT, )
)
    Plaintiff / Counterclaim-Defendant, )
)
v. )
)
ERIC BLATTMAN, individually and as an )
assignee of certain former members of E2.0 )
LLC, LAMB FAMILY LLC, and DAVID )
STAUDINGER, )
)
    Defendants / Counterclaim-Plaintiffs. )

**MEMORANDUM**

Pending before the court is Plaintiffs' Motion for Leave to File a Third Amended Complaint, which would add Thomas J. Scaramellino ("Scaramellino") as a defendant to this action. (D.I. 280). For the reasons set forth below, Plaintiffs' motion is denied.

**I.    BACKGROUND.**

This action arises out of the acquisition of Efficiency 2.0 LLC ("E2.0") by C3, Inc. ("C3"). (D.I. 190 ¶ 9). C3 was represented in the merger negotiations by its Chief Executive Officer

Thomas Siebel ("Siebel") and Chief Operating Officer David Schmaier ("Schmaier," and collectively with C3 and Siebel, the "Defendants"). (*Id.* at ¶ 29). As former unitholders of E2.0, Plaintiffs Eric Blattman, Lamb Family LLC, and David Staudinger (collectively, "Plaintiffs") were contractually entitled to receive additional consideration after the merger closed in the form of an "Earnout" and "Holdback Units," provided certain conditions were satisfied. (*Id.* at ¶¶ 43, 161). According to Defendants, those conditions were not satisfied and Plaintiffs, as a result, were not entitled to either the Earnout or the Holdback Units. (*Id.* at ¶¶ 134-35, 162). In response, Plaintiffs have sued Defendants for securities fraud and common law fraud, and C3 alone for breach of contract. (*Id.* at ¶¶ 140-64).

This case consolidates two actions that are essentially mirror opposites: Civ. No. 15-530-GMS, referred to as the "Blattman Action," and Civ. No. 16-750-GMS, referred to as the "C3 Action." The plaintiffs and claims in one case are essentially the defendants and counterclaims in the other case. The court previously granted-in-part and denied-in-part Defendants' motion to dismiss the counterclaims in the C3 Action, which mirrored the claims Plaintiffs sought leave to add to the Blattman Action by filing a second amended complaint. (D.I. 183). That ruling precipitated the present dispute. In the second amended complaint, Plaintiffs alleged that C3 breached the merger agreement by: (1) refusing to distribute the Holdback Units; (2) engaging in bad-faith interference with an "Earnout Achievement," and (3) delivering "Earnout Notices" that did not properly report profit and revenue. (D.I. 190 at ¶¶ 161-67). The court dismissed that portion of the breach of contract claim based on the Earnout Notices, because it was subject to mandatory arbitration. (D.I. 183 at 11-13). The court noted that, unlike the Earnout Notices for 2013 and 2014, C3 never delivered an Earnout Notice for 2015. (*Id.* at 13). Thus, Plaintiffs had a plausible argument that the arbitration provision was never triggered for the 2015 Earnout Notice.

2

(*Id.*). Nevertheless, the court declined to exacerbate the parties' tortured procedural history by allowing the claim based on the 2015 Earnout Notice to remain a part of this litigation. (*Id.*).

As expected, sometime after the court issued its decision, Defendants delivered a 2015 Earnout Notice. (D.I. 280 at 7). The 2015 Earnout Notice—like the previous Earnout Notices— stated that no Earnout would be paid. (*Id.* at 1). Plaintiffs claim that Scaramellino was obligated to deliver an "Objection" to Defendants regarding the 2015 Earnout Notice. (*Id.*). To trigger the arbitration process an Objection must be served. Under the Merger Agreement, any Objection to an Earnout Notice must be asserted by the "Securityholder Representative." (*Id.*). The merger agreement designates Scaramellino as the Securityholder Representative for all former E2.0 investors.[1] (*Id.*).

In the proposed amended complaint, Plaintiffs allege that Scaramellino has refused to serve an Objection to the 2015 Earnout Notice, because he has already been compensated for his rights to Earnout distributions, including any Earnout distribution for fiscal year 2015, through a November 2013 Stock Purchase Agreement he signed with Defendants. (D.I. 280-3 ¶ 174). In exchange for the benefits he received from Defendants, Scaramellino has also signed a declaration, drafted by Defendants' counsel, "undercutting the factual basis for the E2.0 Unitholders' claims to the Earnout." (*Id.* at ¶ 213). Thus, Plaintiffs allege that Scaramellino breached his fiduciary duties by refusing to serve an Objection and signing the declaration, as the actions were "entirely self-interested and hindered the E2.0 Unitholders from obtaining a benefit that Scaramellino himself has already received." (D.I. 280 at 2).

---

[1] According to Plaintiffs, Scaramellino was designated the Securityholder Representative, because he was the founder and CEO of E2.0, and represented E2.0 in its merger negotiations with C3. (D.I. 280 at 4). In addition, after the merger, Scaramellino became a vice president in the combined company. (*Id.*).

3

Defendants claim that Scaramellino had no obligation to serve an Objection to the 2015 Earnout Notice, because he resigned as Securityholder Representative in 2012. (D.I. 284 at 2). According to Defendants, Plaintiff Eric Blattman ("Blattman") subsequently assumed the role of Securityholder Representative. (*Id.*). At this point, the parties dispute whether Scaramellino or Blattman is the Securityholder Representative. Blattman claims that, although he previously attempted to assume the position of Securityholder Representative, Defendants refused to recognize him in that position and, in any event, the position is irrevocable. (D.I. 280 at 1 & 7). Defendants counter that they did recognize Blattman as the Securityholder Representative, which is why C3 sent him the 2014 Earnout Notice. (*Id.* at 7). Ultimately, the court need not resolve this factual dispute in order to decide the current motion. If anything, the factual dispute illustrates why the court should deny leave to amend the complaint.

## II. STANDARD OF REVIEW.

Whether to grant or deny a motion for leave to amend is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990). Nevertheless, leave to amend should be denied where amendment is futile, made in bad faith, or causes undue delay or prejudice. *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In addition, leave should be denied when the amendment "relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts and related to a defendant not implicated in the original complaint." *Bohm v. Straw*, 2013 WL 100441, at *14

4

(W.D. Pa. Jan. 8, 2013) (*quoting Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988)). In such circumstances, the unrelated claims "will not promote judicial economy or the speedy disposition of the dispute between the parties." *Id.* at 14.

## III. DISCUSSION.

Plaintiffs may have stated a plausible claim for relief against Scaramellino, but the court finds that, for the following reasons, the fiduciary duty claim does not need to be added to this action. First, Scaramellino does not need to be a party to this action in order to provide complete relief on the claims currently before the court. Plaintiffs' claims related to the Earnout Notice have been dismissed in favor of arbitration, so no claims related to the Earnout Notice remain before the court. (D.I. 183 at 12–13). To the extent Plaintiffs need the court to find that Scaramellino is in fact the Securityholder Representative and compel him to serve an Objection so arbitration may go forward, that can be addressed in a separate action. To the extent Scaramellino has a conflict of interest that undercuts the credibility of his declaration indicating that Plaintiffs' Earnout claim has no merit, that evidence can still be presented at trial to impeach him.

Second, the proposed amendment will delay proceedings by adding a new defendant and a new cause of action that is different and distinct from the existing claims against Defendants with respect to the relevant law, facts, and time frames. The claims remaining before the court are focused on whether Defendants committed common law fraud and securities fraud in the lead up to the 2012 merger, and whether C3 breached the merger agreement by engaging in bad faith business operations shortly after the merger closed and by refusing to release the Holdback Units a year and a half later. According to Plaintiffs, the impetus for the breach of fiduciary duty claim occurred in the last five weeks. (D.I. 280 at 1). The parties have not taken any discovery regarding whether and why Scaramellino resigned as Securityholder Representative in 2012, or whether and

5

why Blattman assumed the role in 2013 but disavows it now. (D.I. 284 at 3). As a new party, Scaramellino would also be entitled to discovery, but he has not participated as a party in this action to date. (*Id.* at 4). In contrast, fact discovery closed on September 15, 2017; expert discovery will close on November 20, 2017; dispositive motions are due on December 20, 2017; and trial is scheduled to start on March 26, 2018. (*Id.* at 1).

For all of these reasons, the court denies Plaintiffs' motion for leave to amend. *See Cornell & Co. Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 824 (3d Cir. 1978) (finding that defendants will be prejudice because proposed amendment changed legal and factual basis of claim); *Dockery v. Wetzel*, 2013 WL 664931, at *3 (W.D. Pa. 2013) (denying leave to add a new cause of action against a new defendant based on events that occurred after the lawsuit was initiated); *Bohm*, 2013 WL 100441, at *13 (denying leave where the new claim arose out of an entirely different set of facts and related to a defendant not implicated in the original complaint).

## IV. CONCLUSION.

For the foregoing reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint (D.I. 280) is denied, without prejudice to pursue the new claim in a new civil action. An appropriate order will be entered.

Dated: November 15, 2017

UNITED STATES DISTRICT JUDGE

6