IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC BLATTMAN, individually and as an assignee of certain former members of E2.0 LLC, LAMB FAMILY LLC, and DAVID STAUDINGER,<br><br>    Plaintiffs/Counterclaim Plaintiffs<br><br>    v.<br><br>THOMAS M. SIEBEL, DAVID SCHMAIER, JOHN DOE 1, AND JANE DOE 2,<br><br>    Defendants,<br><br>C3, INC. d/b/a C3 IoT<br><br>    Defendant/Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:15-cv-00530-CFC<br>)<br>)  **CONSOLIDATED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR ATTORNEYS' FEES RELATED TO PLAINTIFFS' APPEAL AND DEFENDANTS' REQUEST FOR FEES**

As described in detail in Defendants' Motion for Attorneys' Fees and corresponding briefing (D.I. 379-81, 392)—incorporated by reference herein to avoid repetitive filings before this Court—for more than six years now, lead-plaintiff Eric Blattman and other former E2.0 unitholders ("Plaintiffs") have alleged and publicly pursued baseless claims against C3.ai, Thomas Siebel, and David Schmaier ("Defendants") of federal securities fraud, Delaware common law fraud, crime-fraud, and breach of a merger agreement between E2.0 and C3. This Court rejected these

claims (D.I. 376, at 51-52), and the Third Circuit has now "affirm[ed] the judgment and orders of the District Court" in full. *See Blattman et al. v. Siebel et al.*, Case No. 20-01417 ("3d Cir. Opinion"), D.I. 45, at 13 (3d Cir., Feb. 17, 2021).

Based on these findings, the Court and Third Circuit awarded Defendants "their reasonable attorneys' fees, costs, and disbursements" under Section 7.3 of the parties' Merger Agreement. (D.I. 376, at 51; *see also* 3d Cir. Opinion, D.I. 45, at 13 ("Because Plaintiffs did not prevail on the chief issues, we hold the trial judge correctly found C3 to be the prevailing party entitled to attorneys' fees and costs under the Merger Agreement.").) Defendants moved to recover $10,141,326.66 of attorneys' fees incurred as of November 2019. (D.I. 379, at 1.) Defendants now move to recover an additional **$572,376.76** in fees and expenses incurred in defending against Plaintiffs' meritless appeal of the District Court's ruling, and in seeking to recover their fees, pursuant to Section 7.3 of the Merger Agreement.

## FACTUAL BACKGROUND AND FEES SOUGHT

Defendants' prior Motion for Attorneys' Fees (D.I. 379-81, 392) set forth in detail the factual background and reasoning behind this Court's "find[ing] in favor of Defendants on all claims for relief alleged in Plaintiffs' Second Amended Complaint," and the determination that Defendants are entitled to fees under Section 7.3 of the Merger Agreement. (*See* D.I. 380, at 6-7.) Defendants described in their filings that when the Court's ruling was affirmed, they would be seeking fees

associated with the appeal, as well as those incurred in pursuing Defendants' fee petitions as is permitted under Delaware law. (*Id.*, at 4 n.1 (citing *Public Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1190 (3d Cir. 1995); *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978).) The Third Circuit has now "affirm[ed] the judgment and orders of the District Court," including that Defendants are the "prevailing party entitled to attorneys' fees and costs under the Merger Agreement." (3d Cir. Opinion, D.I. 45, at 13.) Accordingly, as set forth in the Declaration of David Myre filed herewith, in addition to the amounts in Defendants' previously sought (*see* D.I. 379, at 1) Defendants seek the following additional attorneys' fees incurred in defending against Plaintiff's rejected appeal and pursuing Defendants' fees owed under Section 7.3 of the Merger Agreement:

| Firm | Fees/ Disbursements |
|---|---|
| Quinn Emanuel Urquhart & Sullivan LLP (Appellate Counsel) | $536,863.48 |
| Morris, Nichols, Arsht & Tunnell, LLP (Delaware Counsel) | $35,513.28 |
| **TOTAL** | **$572,376.76** |

## ARGUMENT

In Defendants' February 12, 2020 Opening Brief and Reply filings (D.I. 380, 392), Defendants presented substantive arguments as to why their attorneys' fees request is justified under the Merger Agreement, their rates are reasonable, the number of hours expended by Defendants' counsel was reasonable given the complexity and length of the litigation, Defendants are entitled to all fees expended

in the litigation, and Defendants' counsel did not staff the case inefficiently. As noted, Defendants will not repeat those same arguments and instead incorporate them by reference. Defendants additionally present three points in support of specific issues raised in this motion:

**The motion for attorneys' fees incurred on appeal is timely**. A motion for attorneys' fees must be filed within 14 days after the entry of judgment. FRCP 54(d)(2)(B)(i). The Third Circuit affirmed judgment in this case on February 17, 2021 (3d Cir. Opinion, D.I. 45, at 13), and this motion for appellate attorneys' fees is filed within 14 days of the Third Circuit's decision. Thus, this motion is timely.

**Defendants are entitled to all reasonable attorneys' fees under the Merger Agreement**. Section 7.3 of the Merger Agreement provides that if "***any Legal Proceeding relating to this Agreement*** or the enforcement of any provision of this Agreement is brought against any party hereto, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs and disbursements (in addition to any other relief to which the prevailing party is entitled)." (DTX-006.38, § 7.3 (emphasis added).) The plain language of this provision includes the attorneys' fees which Defendants incur on appeal, and as previously set forth, Defendants are further entitled to recover the fees they incurred in seeking to recover amounts pursuant to Section 7.3 of the Merger Agreement. (*See* D.I. 380, at 4 n.1 (citing *Prandini*, 585 F.2d at 53 ("[T]he time expended by attorneys in obtaining a

4

reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award."); *Windall*, 51 F.3d at 1190 ("[L]egal services rendered in a dispute over the attorneys' fees due a prevailing [party] are recoverable under a fee shifting statute").) Plaintiffs did not rebut these points in their prior opposition, because they have no rebuttal. (*See* D.I. 387).

**Defendants' fees were reasonably and necessarily incurred due to Plaintiffs' own conduct**. For the reasons described in Defendants' prior filings (D.I. 380, 392), the fees incurred in successfully defending against Plaintiffs' appeal and in seeking fees in the present motion are reasonable and recoverable. Importantly, it was *Plaintiffs*—not Defendants—who forced the parties to address the issues Plaintiffs raised in this case, which both the District Court and Third Circuit have since confirmed were meritless. Indeed, for ***more than six and a half years*** Plaintiffs publicly pursued their incendiary claims, which could have had a significant negative impact on the Defendants and the stakeholders in the companies associated with them. Defendants were forced to defend against these allegations for the benefit of these stakeholders, and Plaintiffs' suggestions that they defended themselves *too* vigorously should be rejected outright.

5

## **CONCLUSION**

For these reasons, the Court should award Defendants their reasonable appellate attorneys' fees and disbursements in the amount of **$572,376.76**, in addition to the $10,141,326.66 of fees previously sought.  (D.I. 379, at 1.)

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  |  |
|  | */s/ Kenneth J. Nachbar* |
| OF COUNSEL: | Kenneth J. Nachbar (#2067) |
|  | Lauren K. Neal (#5940) |
| Michael B. Carlinsky | 1201 N. Market Street |
| David E. Myre | Wilmington, DE  19801 |
| Jesse Bernstein | (302) 658-9200 |
| QUINN EMANUEL URQUHART | knachbar@morrisnichols.com |
| & SULLIVAN, LLP | lneal@morrisnichols.com |
| 51 Madison Avenue, 22nd Floor |  |
| New York, NY  10010 | *Attorneys for Defendants C3,* |
| (212) 849-7000 | *Inc., Thomas Siebel and David* |
| michaelcarlinsky@quinnemanuel.com | *Schmaier* |
| davidmyre@quinnemanuel.com |  |
| jessebernstein@quinnemanuel.com |  |
|  |  |
| Kevin P.B. Johnson |  |
| QUINN EMANUEL URQUHART |  |
| & SULLIVAN, LLP |  |
| 555 Twin Dolphin Dr., 5th Floor |  |
| Redwood Shores, CA  94065 |  |
| (650) 801-5000 |  |
| kevinjohnson@quinnemanuel.com |  |

February 25, 2021