IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC BLATTMAN, individually and as an assignee of certain former members of E2.0 LLC, LAMB FAMILY LLC, and DAVID STAUDINGER, </br></br>Plaintiffs, </br></br> v. </br></br> THOMAS SIEBEL, DAVID SCHMAIER, JOHN DOE 1, AND JANE DOE 2, </br></br> Defendants, </br></br> C3, INC., d/b/a C3 IoT, </br></br> Defendant, </br> Counterclaim Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Civ. No. 15-530-CFC </br> ) </br> ) **CONSOLIDATED** </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**REPORT AND RECOMMENDATION OF SPECIAL MASTER**

**INTRODUCTION**

By Order of the Court dated April 30, 2021, Judge Connolly referred to me, as a Special Master, Defendants' Motion for a Bond Pursuant to Federal Rule of Civil Procedure 62 (the "Rule 62 Motion"). (D.I. 397, 416) By way of procedural background to the Rule 62 Motion, Judge Connolly issued his decision on the merits on January 29, 2020, ordering that judgment be entered in favor of Defendants and that Plaintiffs pay to Defendants the reasonable attorneys' fees, costs, and disbursements Defendants incurred in defending themselves in this action. (D.I. 376-378) Defendants followed with a Motion for Attorneys' Fees on February 12, 2020. (D.I. 379) Plaintiffs filed their Notice of Appeal on February 26, 2020, as well as filing a Motion to Defer Defendants' Fee Petition Pending Appeal ("Motion to Defer"). (D.I. 385, 386) Almost a

year later, on February 9, 2021, Defendants filed the Rule 62 Motion. The United States Court of Appeals for the Third Circuit affirmed Judge Connolly's decision by Opinion dated February 17, 2021; its Mandate issued March 11, 2021. (D.I. 407) By his April 30, 2021 Order, Judge Connolly directed Defendants to file a renewed motion for attorneys' fees; the renewed motion was to incorporate their request for all fees, including those related to Plaintiffs' Appeal. As a consequence, Judge Connolly denied as moot Defendants' Motion for Attorneys' Fees Related to Plaintiffs' Appeal. (D.I. 402) Although the originally filed Motion for Attorneys' Fees was not formally denied as moot, it is no longer the operating document from which a decision will be made, nor are its supporting papers. Moreover, Plaintiffs' Motion to Defer no longer has relevance, given the Third Circuit's affirmance and Judge Connolly's Order directing the Special Master to resolve (by Report and Recommendation) Defendants' Renewed Motion for Attorneys' Fees. (D.I. 418)

## DISCUSSION

Defendants rely on Federal Rule of Civil Procedure 62 as the basis for their request for a supersedeas bond. Rule 62(b) provides in relevant part that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Defendants correctly note that "[t]he purpose of a supersedeas bond under Rule 62[(b)] is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution," citing *VICI Racing LLC v. T-Mobile USA, Inc.*, 921 F. Supp. 2d 317, 335 (D. Del. 2013), *vacated in part on other grounds*, 2014 WL 3930025 (3d Circuit Aug. 13, 2014).

The question at issue is whether the circumstances of this case fall within the scope of Rule 62. Defendants argue in this regard that Plaintiffs' Motion to Defer, styled a "Motion to

Stay" on the docket, fits the bill procedurally; moreover, according to Defendants, Plaintiffs have been proven to be untrustworthy through trial on the merits and, therefore, only a bond can protect Defendants from the possibility of loss resulting from the delay in execution on the judgment. Defendants are particularly concerned that Plaintiffs have "objected to, refused to pay, and most importantly refused to confirm their willingness and ability to pay any amounts to Defendants" as ultimately awarded by the Court, despite the "undeserved windfall" due Plaintiffs from C3's successful initial public offering. (D.I. 398 at 5-6)

Plaintiffs respond that, in the absence of a stay actually being entered by the Court, a "district court has no power to impose a supersedeas bond." *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation,* 2000 WL 1665134, at *2 (E.D. Pa. Nov. 6, 2000). *See also Fessler v. Porcelana Corono de Mexico, S.A. de C.V.,* 2020 WL 3498872, at *3 (E.D. Tex., June 29, 2020), and the cases cited therein. Plaintiffs suggest that Defendants' purported concern about Plaintiffs' ability to satisfy the requested fee award should not be considered as genuine, given the year that elapsed between entry of judgment and the Rule 62 Motion. Finally, Plaintiffs argue that the Rule 62 Motion has been mooted by the Third Circuit's mandate.

That there is distrust between these parties is palpable. Therefore, Defendants' concerns about Plaintiffs' satisfying a fee award is neither surprising nor entirely unfounded given Plaintiffs' reluctance to even confirm their willingness to do so. However, Defendants' effort to fit the facts of the case into the Rule 62 framework is not ultimately persuasive. A supersedeas bond is imposed when a stay is requested and granted by the Court. Even if Plaintiffs' Motion to Defer[1] were considered the equivalent of a motion to stay filed under Rule 62, the Motion to

---

[1] Filed pursuant to "Rule 54(a) as a matter of judicial economy." (D.I. 387 at 1)

3

Defer was never granted in the first instance and is now moot. Defendants have cited no cases on point that stand for the proposition that the Court has the authority to impose a supersedeas bond in the absence of a stay granted under Rule 62.

## CONCLUSION

For the reasons stated above, I conclude that the Court does not have the authority to grant the relief sought by Defendants' in the Rule 62 Motion. I, therefore, recommend that said Motion (D.I. 397) be denied. Objections to this Report and Recommendation shall be made consistent with Paragraph 12 of the Court's April 30, 2021 Order. (D.I. 416)

Dated: May 21, 2021

Sue L. Robinson
Special Master