IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC BLATTMAN, individually and as an assignee of certain former members of E2.0 LLC, LAMB FAMILY LLC and DAVID STAUDINGER,<br><br>      Plaintiffs,<br><br>v.<br><br>THOMAS M. SIEBEL, DAVID SCHMAIER, JOHN DOE 1 and JANE DOE 2,<br><br>      Defendants,<br><br><br>C3, INC. d/b/a C3 IoT,<br>      Defendant,<br>      Counterclaim Defendant. | Civ. No. 15-530-CFC |

**ORDER**

Plaintiffs have filed an Objection to the Special Master's Report and Recommendation on Defendant's Renewed Motion for Attorneys' Fees. D.I. 432. The Special Master recommended in her Report and Recommendation (D.I 431) that I grant in part and deny in part Defendants' renewed motion for attorneys' fees (D.I. 418).

Defendants had requested an award of attorneys' fees of approximately $10.7 million. Plaintiffs made five arguments against this request. The Special

Master found that two of these arguments had at least some merit. First, she agreed with Plaintiffs that an award for reasonable attorneys' fees should not include fees related to the litigated holdback claim and therefore a reduction in the requested amount was warranted. The Special Master stated that "[i]n terms of the amount of the reduction, I also recommend that the amount suggested by Plaintiffs be adopted." D.I. 431 at 8. That amount was $998,651.85. D.I. 425 at 7–8.

Second, the Special Master agreed with Plaintiffs that "Defendants' invoices are replete with block billing and redactions." D.I. 431 at 8. The Special Master, however, did not adopt Plaintiffs' request for "an additional 15% reduction in any award to Defendants . . . to account for the block-billing and redaction issues presented by their invoices." D.I. 425 at 13–14. The Special Master explained that "[a]bsent the bad faith conduct of Defendants . . . there would be no reason to question the redactions" and that since I presided over the trial and found that Defendants had acted in bad faith, I "may have a better basis for judging the extent of Defendants' bad faith conduct and time wasted (judicial as well as the parties' time) because of it." D.I. 431 at 9. The Special Master concluded that she was not in a position "with the way the invoicing was presented" to determine whether Defendants' bad faith conduct warranted a reduction of fees beyond the $998,651.85 identified by Plaintiffs as holdback-related. In other words, the

2

Special Master left for my consideration whether an additional reduction in fees should be made to account for Defendants' block billing.

In their Objection, Plaintiffs argue that I "should apply an additional discount on top of the $998,651.85 recommended by the Special Master." D.I. 432 at 5. Plaintiffs specifically ask me to reduce the fee award by an additional 15%, resulting in a fee award of approximately $8.26 million. D.I. 432 at 7. Plaintiffs acknowledge that "[h]ow to calculate [any] discount is a matter for the Court's discretion . . ." D.I. 432 at 5. Their 15% request appears to be based on what they call "similar cases" where courts have applied discounts ranging from five to 50%.

I agree that Defendants' block billing could obscure bad-faith expenditures related to the holdback claim. But I also agree with Defendants that the $998,651.85 identified by Plaintiffs as related to the holdback claim could also include fees incurred for work on matters not directly related to the holdback claim. Exercising my discretion with due consideration to the relative weight of the holdback claim at trial, I find that the $10,713,703.42 fee award request in this case should be reduced by an additional 3% after applying the $998,651.85 reduction. Thus, Defendants are entitled to an attorneys' fee award of $9,423,600.

NOW THEREFORE, at Wilmington on this Sixth day of December in 2021, it is HEREBY ORDERED that:

3

1. Plaintiffs' Objection to the Special Master's Report and Recommendation as to Defendants' Renewed Motion for Attorneys' Fees (D.I. 432) is SUSTAINED IN PART AND DENIED IN PART;

2. The Special Master's Report and Recommendation (D.I. 431) is ADOPTED WITH MODIFICATION;

3. Defendants' Renewed Motion for Attorneys' Fees (D.I. 418) is GRANTED IN PART AND DENIED IN PART; and

4. Defendants are AWARDED attorneys' fees in the amount of $9,423,600, which shall be paid in full by Plaintiffs within 30 days of this Order.

                                                _____
                                                        Chief Judge